**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| RONALD F. DAVIS, SR., EARL BREAUX, § <br> JR., HAIRM R. FREEMAN, ALFRED § <br> LYNN GILDON, VERA MARIE HELTON, § <br> JAMES K. KINSLER, JERRY LEE § <br> KINSLER, AND KENNETH E. PRICE § <br>     Plaintiffs § <br> § <br> vs. § <br> § <br> GLAXOSMITHKLINE, LLC and § <br> SMITHKLINE BEECHAM § <br> CORPORATION d/b/a § <br> GLAXOSMITHKLINE § <br>     Defendants § | | No. ____ cv _____ <br> **Jury Trial Requested** |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Ronald F. Davis, Sr., Earl Breaux, Jr., Hairm R. Freeman, Alfred Lynn Gildon, Vera Marie Helton, James K. Kinsler, Jerry Lee Kinsler, and Kenneth E. Price complain of Defendants Smithkline Beecham Corporation, Glaxosmithline, LLC, and Smithkline Beecham Corporation d/b/a GlaxoSmithKline, and would show the Court the following:

### I.
### PARTIES

1. Plaintiff Ronald F. Davis, Sr. ("Mr. Davis") is a citizen and resident of Texas.

2. Plaintiff Earl Breaux, Jr. ("Mr. Breaux") is a citizen and resident of Louisiana.

3. Plaintiff Hairm R. Freeman ("Mr. Freeman") is a citizen and resident of Texas.

4. Plaintiff Alfred Lynn Gildon ("Mr. Gildon") is a citizen and resident of Texas.

5. Plaintiff Vera Marie Helton ("Ms. Helton") is a citizen and resident of Texas.

6. Plaintiff James K. Kinsler ("James Kinsler") is a citizen and resident of Texas.

7. Plaintiff Jerry Lee Kinsler ("Jerry Kinsler") is a citizen and resident of Texas.

8. Plaintiff Kenneth E. Price ("Mr. Price") is a citizen and resident of Texas.

9. The term "Plaintiffs" shall refer to Mr. Davis, Mr. Breaux, Mr. Freeman, Mr. Gildon, Ms. Helton, James Kinsler, Jerry Kinsler, and Mr. Price, collectively.

10. Defendant GlaxoSmithKline, LLC ("GSK, LLC") is a foreign limited liability company organized under the laws of the State of Delaware. GSK, LLC has its principal place of business in the State of Pennsylvania, and may be served with process by serving its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11. Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("SKBC") is a foreign corporation organized under the laws of the Pennsylvania. SKBC has its principal place of business in the State of Pennsylvania, and may be served with process by serving its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

12. The term "Defendants" shall refer to GSK, LLC and SKBC, collectively.

## II.
## JURISDICTION AND VENUE

13. This Court has jurisdiction under 28 U.S.C. §1332(a) and 28 U.S.C. §1367 because each Plaintiff and each Defendant are citizens of different states, the amount in controversy exceeds $75,000.00 as to some or all of Plaintiffs' claims, and any claims outside the court's original jurisdiction are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy.

14. This court has jurisdiction over the foreign Defendants because they placed the drug Avandia into the stream of interstate commerce, and thereby continuously and systematically conducted substantial business in the state of Texas. By their actions and the nature of their businesses, Defendants could reasonably anticipate being sued in Texas.

15. Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions occurred within the District and GSK, LLC or SKBC reside in the Eastern District of Texas for purposes of venue.

## III.
## FACTUAL ALLEGATIONS

16. Defendants designed, tested, manufactured, marketed, distributed, and conducted post-marketing surveillance of Avandia, which is used to treat people with type 2 diabetes.

17. Avandia is a defective product because it put Plaintiffs at too high a risk of suffering heart attacks, myocardial ischemia, and other cardiovascular injuries. Defendants, however, have concealed the true health risks of Avandia from the Food and Drug Administration and the public. Instead, Defendants have represented that the drug is safe and effective. As a result of the defective nature of Avandia and Defendants failure to properly warn of its defective nature, Plaintiffs have suffered and will continue to suffer personal injuries and monetary damages.

18. Following their doctors' orders, Plaintiffs took Avandia for their type 2 diabetes. While taking Avandia or shortly after they stopped taking Avandia, Plaintiffs suffered cardiovascular injuries. These injuries were due to Plaintiffs' consumption of Avandia.

## IV.
## CAUSES OF ACTION
### (Each Based on the Allegations in Paragraphs 1-21)

*First Cause of Action: Negligence and Negligence Per Se*

19. Defendants had a duty to exercise care in designing, testing, manufacturing, marketing, distributing, and/or conducting post-marketing surveillance of Avandia. Defendants failed to exercise ordinary care in carrying out these activities. Some or all of these failures

violated state and/or federal laws. Defendants' negligence proximately caused personal injuries and monetary damages to Plaintiffs.

*Second Cause of Action: Strict Liability*

20.     Defendants placed Avandia into the stream of commerce. Avandia was defective or unreasonably dangerous due to a flaw in its design and due to a failure to provide adequate warnings and instructions. Due to the defective and unreasonably dangerous condition of Avandia, Plaintiffs suffered personal injuries and monetary damages.

*Third Cause of Action: Breach of Express Warranty*

21.     Defendants expressly represented that Avandia was a safe and effective treatment for type 2 diabetes. Plaintiffs directly or indirectly relied on this representation. But the drug does not conform to this express representation or warranty. Defendants' breach of this express warranty caused personal injuries and monetary damages to Plaintiffs.

*Fourth Cause of Action: Breach of Implied Warranty*

22.     Defendants represented by implication that Avandia was a safe and effective treatment for type 2 diabetes. Plaintiffs directly or indirectly relied on this implied representation. But the drug does not conform to this implied representation or warranty. Defendants' breach of this implied warranty proximately caused personal injuries and monetary damages to Plaintiffs.

*Fifth Cause of Action: Fraud*

23.     Defendants falsely represented that Avandia was a safe and effective treatment for type 2 diabetes. At the time they made this representation, Defendants either knew that the representation was false or they made it recklessly without knowledge of its veracity. Plaintiffs directly or indirectly relied on this representation, and, as a result, suffered personal injuries and monetary damages.

*Sixth Cause of Action: Fraud by Nondisclosure*

24.     Defendants failed to disclose that Avandia was a defective product, and failed to disclose some of the post-marketing complaints about the drug. Defendants knew that Plaintiffs, and other persons on whom Plaintiffs relied directly or indirectly for information about Avandia, were ignorant of these facts and did not have an equal opportunity to discover these facts. Defendants deliberately chose not to disclose these material facts about Avandia because they did not want to discourage sales of Avandia. Due to Defendants' nondisclosure, Plaintiffs purchased the Avandia that caused them personal injuries and monetary damages.

*Seventh Cause of Action: Unjust Enrichment*

25.     Defendants obtained money from Plaintiffs as a result of sales of Avandia, a defective product. It would be unjust for Defendants to keep the money from these sales—especially since these sales resulted wholly or partially from Defendants' fraudulent conduct. Plaintiffs are, therefore, entitled to recover their money for purchases of Avandia.

*Eighth Cause of Action: Violation of Deceptive Trade Practices Act (DTPA)*

26.     Defendants violated the DTPA by making untrue, deceptive, and/or misleading representations of the material facts about the health risks of Avandia and by omitting and/or concealing material facts from the public, including the Plaintiffs, concerning the use and safety of Avandia. Defendants conduct was a producing cause of Plaintiffs' injuries.

## V.
## GROSS NEGLIGENCE

27.     Defendants' conduct posed a high risk of harm to Plaintiffs. Defendants were aware of this risk, but proceeded anyway with conscious indifference to the safety of Plaintiffs and others similarly situated.

## VI.

## PRAYER FOR RELIEF

28. Plaintiffs pray for relief from Defendants as follows:

   a. Exemplary damages;

   b. General damages in a sum in excess of the jurisdictional minimum of this Court, which include past physical pain and past mental suffering;

   c. Special damages in a sum in excess of the jurisdictional minimum of this Court, which include future physical pain, future mental anguish, physical impairment, medical expenses (which include future medical monitoring), loss of earning capacity, and pecuniary loss;

   d. Pre-judgment and post-judgment interest as provided by law;

   e. Full refund of all purchase costs Plaintiffs paid for Avandia;

   f. Attorneys' fees, expenses, and costs of this action, and

   g. Such further relief as this Court deems necessary, just, and proper.

## VII.

## DEMAND FOR JURY TRIAL

29. Plaintiffs demand a jury trial in this action.

Respectfully submitted,

   /s/ D. Scott Carlile
D. Scott Carlile
State Bar No. 24004576
Casey Q. Carlile
State Bar No. 24025868

THE CARLILE LAW FIRM, LLP
400 South Alamo
Marshall, Texas 75670
Telephone: (903) 938-1655
Facsimile: (903) 938-0235

ATTORNEYS FOR PLAINTIFFS